23AB-CC00043

Electronically Filed - Franklin County - February 15, 2023 - 04:33 PM

IN THE CIRCUIT COURT OF FRANKLIN COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| NEAL GRAY, | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| Plaintiff, | ) | |
| | ) | Cause No. |
| v. | ) | |
| | ) | Division |
| | ) | |
| AQUATERRA CONTRACTING,LLC | ) | |
| d/b/a PREMIER POOLS AND SPAS, | ) | |
| <u>Serve Registered Agent:</u> | ) | |
| Michael Hampton | ) | |
| 1226 Deer Run Dr. | ) | |
| Washington, MO 63090, | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION FOR DAMAGES

COMES NOW Plaintiff Neal Gray ("Plaintiff") by and through undersigned counsel, and as for his Petition for Damages against Defendant AquaTerra Contracting, LLC d/b/a Premier Pools & Spas ("Defendant AquaTerra"), and hereby states to this Honorable Court as follows:

## PARTIES

1.  Plaintiff is a natural person who resides, and at all times relevant herein resided, in the State of Missouri.

2.  Defendant is, and at all times relevant herein was, a limited liability company organized under the laws of, in good standing with, and conducting continuous and systematic business within the State of Missouri, with its headquarters and/or principal

1

Electronically Filed - Franklin County - February 15, 2023 - 04:33 PM

place of business located, upon information and belief, at 1226 Deer Run Dr., Washington, Missouri 63090-5345.

## JURISDICTION AND VENUE

3.      The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

4.      Defendant is incorporated in the State of Missouri and Plaintiff is domiciled in Missouri, giving this Court jurisdiction over all parties.

5.      Plaintiff's causes of action arise out of unlawful business practices that occurred, as alleged herein, in Franklin County, Missouri, where Defendant is located.

6.      The acts or omissions that give rise to this cause occurred in Franklin County, Missouri and Plaintiff was damaged by Defendants in Franklin County, Missouri, making this the proper venue.

7.      Thus, jurisdiction and venue are proper in Jackson County, Missouri, pursuant to RSMo. §§ 508.010 and 213.111.1.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8.      The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

9.      Defendant is a pool company that conducts business in Franklin County, Missouri.

10.     Plaintiff began working for Defendant as a salesperson on or about January 3, 2022, (the "employment").

Electronically Filed - Franklin County - February 15, 2023 - 04:33 PM

11. Plaintiff was required by Defendant to work for Defendant as a W2 employee.

12. As part of Plaintiff's employment with Defendant, Defendant required Plaintiff to enter into an "Employment Agreement." *See* Exhibit A.

13. The Employment Agreement was entered into on or about January 3, 2022, by Defendant and Plaintiff.

14. The Employment Agreement stated "[Defendant] shall pay Employee a salary of $55,000 first 8 weeks and commission there [sic] after" for "the services of the Employee, payable at regular payroll periods."

15. Plaintiff has not received the full $55,000 in payments promised to Plaintiff by Defendant.

16. Plaintiff has not received all commissions owed to him from his employment with Defendant.

17. Defendant has admitted that it owes Plaintiff unpaid commissions from his employment with Defendant.

18. Defendant is refusing to pay Plaintiff earned commissions without any justification for withholding funds.

19. On or about December 16, 2022, Defendant terminated Plaintiff's employment without prior notice.

20. The Employment Agreement required Defendant to provide "15 days written notice to" Plaintiff prior to termination (the "required notice").

Electronically Filed - Franklin County - February 15, 2023 - 04:33 PM

21.     Defendant did not send the required notice to Plaintiff, as required by the employment contract.

22.     The employment contract also stated upon Plaintiff's termination, "[Defendant] will pay [Plaintiff] on the date of the termination a severance allowance less taxes and social security required to be withheld."

23.     Defendant has not paid Plaintiff any severance allowance required under the employment contract.

24.     Defendant has refused to engage in pre-litigation negotiations for the money owed to Plaintiff under the employment contract.

25.     RSMo. § 290.110 states "[w]henever any person, firm or corporation doing business in this state shall discharge, with or without cause, or refuse to further employ any servant or employee thereof, the unpaid wages of the servant or employee then earned at the contract rate, without abatement or deduction, shall be and become due and payable on the day of the discharge."

26.     Defendant did not pay Plaintiff unpaid wages at the contract rate on the day of discharge. As of the date of the filing of this Petition, Defendant continues to refuse to pay Plaintiff his unpaid wages under the employment contract.

27.     Plaintiff would not have entered into the employment contract with Defendant if he knew Defendant would refuse to pay him wages and commissions promised by said contract.

28.     To date, Plaintiff has incurred, and continues to incur, damages in excess of $25,000.00 related to the aforementioned allegations and expects to incur further damages

Electronically Filed - Franklin County - February 15, 2023 - 04:33 PM

to Defendant's refusal to pay the amounts owed to Plaintiff, as well as the repair of damage

done by Defendant, as well as garden variety emotional distress.

**COUNT I: BREACH OF CONTRACT**
**(Against Defendant AquaTerra Contracting, LLC d/b/a Premier Pools & Spas)**

29.     The allegations contained in all aforementioned Paragraphs are hereby

realleged and incorporated as if fully set forth herein.

30.     Plaintiff was employed by Defendant from January 3, 2022, to December 16,

2022.

31.     As part of employment, Plaintiff entered into an "Employment Agreement"

with Defendant, as set forth in further detail above.

32.     Plaintiff agreed to work for Defendant for $55,000 base salary and

commission-based pay "there [sic] after."

33.     The employment agreement entered into between Plaintiff and Defendant on

or about January 3, 2022, is a contract.

34.     Defendant has not paid the $55,000 base salary to Plaintiff, as required by

the employment contract.

35.     Defendant is refusing to pay Plaintiff the base salary and commissions owed

to Plaintiff, despite Plaintiff's good-faith efforts to amicably resolve this matter without the

need for litigation.

36.     As part of this employment contract, Defendant must send the required notice

to Plaintiff before terminating him – which it did not do.

5

Electronically Filed - Franklin County - February 15, 2023 - 04:33 PM

37.     As part of this employment contract, Defendant must also pay Plaintiff a severance package if it terminated him, which it did not do.

38.     Defendant's actions and/or omissions have caused significant damage to Plaintiff because he was terminated without the required notice and he has not been paid full compensation for his employment with Defendant.

39.     Plaintiff relied on these representations in agreeing to work for Defendant pursuant to these contract terms, as he otherwise would not have agreed to work for free.

40.     Defendant thereby breached the employment contract with Plaintiff.

41.     Plaintiff was damaged as a result of Defendant's breach in that he found himself without employment, without compensation as an employee, and without his promised severance payment, as required by law.

42.     Plaintiff has been damaged in an amount in excess of $25,000.00.

WHEREFORE, for good cause shown, Plaintiff prays this Honorable Court enter a judgment against Defendant for an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) to be determined at trial for compensatory damages, emotional distress, costs, and interest allowable by law, and for any other and further relief deemed just and proper under the circumstances.

### COUNT II: Violation of RSMo. § 290.110
### (Against Defendant AquaTerra Contracting, LLC d/b/a Premier Pools & Spas)

43.     The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

Electronically Filed - Franklin County - February 15, 2023 - 04:33 PM

44. Plaintiff was employed by Defendant from approximately January 3, 2022, to December 16, 2022, where Plaintiff was terminated without the required notice.

45. RSMo. § 290.110 requires an employer to pay all unpaid wages to an employee on the date of discharge from employment.

46. Defendant did not comply with legal requirements under RSMo. § 290.110 because it did not pay Plaintiff all unpaid wages on the date of discharge.

47. As of the date of the filing of this Petition, Defendant has refused to pay unpaid wages owed to Plaintiff.

48. On or about January 10, 2023, through counsel, Plaintiff requested unpaid wages due to him from Defendant.

49. Pursuant to RSMo. § 290.110, after requesting final wages, "if the money or a valid check therefor, does not reach the station or office within seven days from the date it is so requested, then as a penalty for such nonpayment the wages of the servant or employee shall continue from the date of the discharge or refusal to further employ, at the same rate until paid."

50. Plaintiff has not received any money from Defendant since his termination, despite making a demand for his unpaid wages under RSMo. § 290.110.

51. Defendant thereby willfully violated RSMo. § 290.110.

52. Plaintiff has been damaged as a result of Defendant's violations of Missouri employment law as he found himself without employment and without compensation owed to him as an employee, as required by law.

53. Plaintiff has been damaged in an amount in excess of $25,000.00.

Electronically Filed - Franklin County - February 15, 2023 - 04:33 PM

WHEREFORE, for good cause shown, Plaintiff prays this Honorable Court enter a judgment against Defendant for an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) to be determined at trial for compensatory damages, emotional distress, costs, and interest allowable by law, and for any other and further relief deemed just and proper under the circumstances.

### COUNT III: Violation of the Fair Labor Standards Act
**(Against Defendant AquaTerra Contracting, LLC d/b/a Premier Pools & Spas)**

54.     The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

55.     Plaintiff worked for Defendant as a W2 employee from approximately January 3, 2022, to December 16, 2022.

56.     Plaintiff was not paid regular wages as a W2 employee.

57.     Instead of paying regular wages as required by law, Defendant stated it would pay Plaintiff on commissions after receiving $55,000.00, which was never paid in full.

58.     Defendant has refused to pay Plaintiff these promised commissions in full.

59.     Upon information and belief, Defendant told Plaintiff it would pay him commissions to avoid paying him regular salary and overtime compensation, as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

60.     As an employee, Plaintiff is entitled to the rights, protections, and benefits provided by the FLSA for all times relevant herein.

Electronically Filed - Franklin County - February 15, 2023 - 04:33 PM

61. The FLSA regulates the payment of overtime wages and other employment benefits by employers subject to limited exemptions not applicable herein since Plaintiff has not been paid commissions in full as a salesperson.

62. Defendant is a covered establishment under FLSA as it grosses over $500,000.00 annually and has two or more employee who handle goods that travel via interstate commerce.

63. An employment relationship existed between Plaintiff and Defendant, as set forth above, and as outlined in Exhibit A.

64. Pursuant to FLSA, if Plaintiff is not an exempt sales person, he is entitled to be compensated for work at a rate of not less than one-and-one-half times the regular rate of pay for all work performed in excess of forty (40) hours in a workweek.

65. Plaintiff was regularly required to work over forty hours per workweek by Defendant.

66. Defendant has never paid Plaintiff overtime compensation for time worked in excess of forty hours per workweek.

67. Defendant has violated the FLSA by refusing and failing to properly pay Plaintiff as an employee and refusing and failing to properly pay Plaintiff overtime compensation as required by law.

68. Upon information and belief, in the course of perpetrating these unlawful business practices, Defendant has also failed to keep accurate records of the hours worked by Plaintiff each day and workweek, as required by law.

Electronically Filed - Franklin County - February 15, 2023 - 04:33 PM

69.     Plaintiff is entitled to damages for unpaid overtime wages and base pay wages for all time worked by Plaintiff for Defendant.

70.     Upon information and belief, Defendant was aware of the fact that it was improperly paying Plaintiff wages in violation of the FLSA.

71.     Plaintiff is entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

72.     Plaintiff is entitled to costs and reasonable attorneys' fees incurred by Defendant's violations of state and federal law.

WHEREFORE, for good cause shown, Plaintiff prays this Honorable Court enter a judgment against Defendants for damages and attorney's fees in an amount to be determined at trial but exceeding Twenty-Five Thousand dollars ($25,000.00), court costs and for any other further relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a **TRIAL BY JURY** in the Circuit Court of Franklin County, Missouri, as to any and all counts and/or allegations alleged in this Petition for Damages.

Electronically Filed - Franklin County - February 15, 2023 - 04:33 PM

Dated: February 15, 2023

Respectfully submitted,

**SPARKS LAW FIRM**

By: Paige Sparks

Paige Sparks, #72143MO
Samantha J. Sparks, #72058MO
2025 Zumbehl Road, #102
St. Charles, MO 63303
Phone: (636) 373-9375
Fax: (314) 451-2567
paige@sparks-legal.com
sam@sparks-legal.com

*COUNSEL FOR PLAINTIFF*