UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NEAL GRAY, | ) ) ) ) ) ) |
| v. | ) Case No. 4:23-CV-351-SPM ) |
| AQUATERRA CONTRACTING, LLC, | ) ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Motion for Summary Judgment as to Count III filed by Defendant, AquaTerra Contracting, LLC, d/b/a Premier Pools and Spas ("Defendant") against Plaintiff, Neal Gray ("Plaintiff"). (Doc. 20). Plaintiff filed a response to Defendant's Statement of Facts (Doc. 28) and opposition to Defendant's Motion for Summary Judgment as to Count III. (Doc. 27). Defendant filed a reply to Plaintiff's opposition. (Doc. 29). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 9).

After carefully considering the undisputed facts of record, the applicable law, and the written submissions of the parties, for the reasons set out below, Defendant's Motion for Summary Judgment as to Count III will be granted and Plaintiff's remaining state law claims will be dismissed, without prejudice.

### I.  FACTUAL BACKGROUND

The following facts are not disputed. Defendant is in the business of selling pools and is not

a wholesaler, nor in the resale business. (Doc. 22 at ¶2). Defendant sells these pools at retail price, competing with other retailers in the business. *Id.* at ¶4. Plaintiff was hired as a salesperson[1] and began his employment with Defendant on January 3, 2022, pursuant to a written Employment Agreement. (Id. at ¶5-6 & Doc. 22-1, Deft. Exh. A). Under the terms of the Employment Agreement, Defendant was required to pay Plaintiff "a salary of $55,000 first 8 weeks and commission thereafter" for "the services of the Employee, payable at regular payroll periods." (Doc. 27-1 Pl. Exh. 1 at ¶ 3).

Employee paystubs submitted by Defendant show that Plaintiff was paid a weekly "salary" of $1,057.69 from the pay period beginning January 1 through 7, 2022, to the pay period beginning March 26 through April 1, 2022, for a total of $13, 749.97. (Doc. 22-3, Deft. Exh. C at p. 1-22). Employee paystubs also show Plaintiff was paid a weekly "commission" that varied in amount for work done in connection with various contracts. Plaintiff's first weekly "commission" was $2,702.22 paid for the pay period beginning February 12 through 18, 2022. *Id.* at 27 Thereafter, Plaintiff was paid a weekly "commission" for the pay periods beginning April 1 through 7, 2022, to the pay period beginning December 9 through 16, 2022. *Id.* at p. 17 & 23-38. All told, Plaintiff was paid $53,224.13 in "commission." (Doc. 22 at ¶12 & Doc. 22-3, Deft. Exh. C).

---

[1] Plaintiff disputes ¶ 6 of Defendant's Statement of Uncontroverted Facts, which states that Defendant was hired as a salesperson. (Doc. 22 at ¶6). The written Employment Agreement, incorporated into Defendant's Statement of Undisputed Facts, provides "The Company hires the Employee in the capacity of Salesperson. The Employee's duties may be reasonably modified at the Company's discretion from time to time." (Doc. 22 at ¶4, Deft, Exh. A). Plaintiff argues that Defendant later classified him as "designer" but that same document, under job title, also classifies Plaintiff as a salesperson (emphasis added) (Doc. 22-4 at 49, Deft. Exh. D). At the summary judgment stage, courts do not weigh the evidence and decide the truth of the matter, but rather determine if there is a genuine and material issue for trial. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 249 (1986). The mere existence of some alleged factual dispute will not serve to defeat summary judgment; instead, the factual dispute must be both "genuine" and "material." *Id.* Furthermore, Fed. R. Civ. P. 56 requires a party to properly support and address both the assertion and disputation of facts submitted, and to the extent that a party simply disputes certain facts without properly supporting the denial thereof, the Court will consider such facts undisputed for purposes of these motions. Fed. R. Civ. P. 56 (e)(2). Given the record before the court, Plaintiff has failed to properly support the argument that he was not hired as a salesperson.

During his first thirteen weeks of employment, Plaintiff worked outside of the standard 9 a.m. to 5 p.m. schedule and routinely worked over forty hours per week. (Doc. 27-2, Pl. Exh. 2 at ¶4). Plaintiff was terminated from his position on December 16, 2022. *Id.* at ¶12. The reason stated in Defendant's Personnel Action Notice/Change Status form signed by Plaintiff was "Below average sales closing rate YTD . . . 6.7% closing rate YTD." (Doc. 22-4 at 49, Deft. Exh. D).

Plaintiff filed an action in state court alleging breach of contract (Count I), violation of RSMo. §290.110 (Count II), and violation of the Fair Labor Standards Act (FLSA) (Count III). (Doc. 3 at p. 5-10). Defendant removed the case to this Court, (Doc. 1), and filed a motion for summary judgment as to Plaintiff's FLSA claim (Count III). (Doc. 20).

## II.  LEGAL STANDARD

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013). The movant "bears the initial responsibility of informing the district court of the basis for its motion" and must identify "those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant does so, then the burden shifts to the nonmovant to submit evidentiary materials that "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. An issue of fact is genuine, making summary judgment inappropriate, when "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In ruling on a summary judgment motion, a court must view the facts in the light most favorable to the non-moving party." *Leonetti's Frozen Foods, Inc. v. Rew Mktg., Inc.*, 887 F.3d 438, 442 (8th Cir. 2018). "In reaching its decision, a court

should not weigh the evidence, make credibility determinations, or attempt to determine the truth of the matter." *Id.* (internal quotation marks omitted). "Nonetheless, in an FLSA exemption case such as this, the employer," Defendant, "has the burden of proving the employee fits within one of the FLSA exemptions". *Grage v. N. States Power Co.-Minnesota*, 813 F.3d 1051, 1054 (8th Cir. 2015) (internal citation omitted).

### III.  DISCUSSION

#### A.  MOTION FOR SUMMARY JUDGMENT ON FLSA VIOLATION (COUNT III)

Plaintiff alleges Defendant violated the FLSA's overtime requirements. Defendant contends it is entitled to summary judgment because, based on the undisputed facts, the overtime requirements do not apply to Plaintiff. The FLSA requires employers pay overtime of at least one and one-half times the regular rate of pay for employees who work more than forty hours in one workweek. 29 U.S.C. § 207(a). However, under §207(i) of the FLSA, "there is an exemption for workers in retail stores or other service establishments who are (1) paid a wage that exceeds one and a half times the minimum wage and (2) receive more than half their compensation in the form of commission on goods or services." *Yi v. Sterling Collision Centers, Inc.*, 480 F.3d 505, 506 (7th Cir. 2007). Specifically, §207(i) provides:

> No employer shall be deemed to have violated subsection (a) by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services. In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee.

29 U.S.C. § 207 (i).

To qualify for this exemption, Defendant must establish, first, that Plaintiff was employed

by a retail or service establishment; second, Plaintiff's regular pay exceeded one and one-half times the federal minimum wage; and third, more than half of Plaintiff's "compensation for a representative period (not less than one month) represents commissions on goods or services." *Id.*

The first two factors are not in dispute. Regarding the first factor, Defendant qualifies as a retail or service establishment under the FLSA if "75 per centum of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry." 29 C.F.R. §779.411; *see also Reich v. Delcorp, Inc.*, 3 F.3d 1181, 1183 (8th Cir. 1993). It is undisputed that Defendant is a franchisee of pools and spas and does not operate in the wholesale or resale business. (Doc. 22-2 at ¶2, 3, Deft. Exh. B). Defendant sells these pools at a retail price, competing with other retailers in the business. *Id.* at ¶3. Considering the record, Defendant has established the first factor.

There is also no genuine dispute that Defendant has met the second factor—whether Plaintiff's pay exceeded one and one-half times the federal minimum wage. 29 U.S.C. §207(i). Defendant asserts that Plaintiff made substantially more than $7.25/hour during representative period (calendar year 2022), and Plaintiff has not properly controverted that assertion. (Doc. 20 at ¶12). Thus, Defendant has established the second factor.

However, the parties dispute whether Defendant has met the third requirement of §207(i) that more than half Plaintiff's "compensation for a representative period (not less than one month) represents commissions on goods or services." 29 U.S.C. §207(i). Defendant argues this prong is satisfied because, between January 3, 2022, and December 16, 2022, "more than 79% of Mr. Gray's total compensation was comprised of commission payments while employed by Defendant." (Doc. 20 at ¶13); *see also* (Doc. 21 at p. 2). Defendant cites *Yi v. Sterling Collision*

*Centers, Inc.*, 480 F.3d 505 (7th Cir. 2007) in support. In *Yi*, the Seventh Circuit Court of Appeals found that despite inevitable variances in commission based on the time of year, automobile repair technicians were paid with commission, such that the exemption to the overtime requirement within the FLSA applied to them. *Id.* at 507. Defendant argues it is entitled to judgment in its favor as a matter of law because, during the eleven months of his employment, most of Plaintiff's compensation consisted of commission payments. (Doc. 21 at p. 2-3).

In response, Plaintiff points out that, under the employment agreement, the way he was compensated was bifurcated into two phases—one in which he received a salary and one in which he was to receive commission. Plaintiff posits this Court should consider those phases as separate "representative periods" for purposes of §207(i). Specifically, Plaintiff argues Defendant violated FLSA's overtime compensation laws during the thirteen-week period where he was a salaried employee and ineligible to earn commissions. (Doc. 27 at p. 8). Plaintiff cites the Eighth Circuit's decision in *Coates v. Dassault Falcon Jet Corp.*, 961 F.3d 1039 (8th Cir. 2020) in support of this position.

In *Coates*, the Eight Circuit analyzed an FLSA exemption under §213 that removed overtime requirements for "any employee employed in a bona fide executive, administrative, or professional capacity." *Coates*, 961 F.3d at 1042 (internal citations and quotations omitted). To establish this exemption, the court found an employer must show that the employee's "primary duty" is exempt work, that the employee is not paid less than the minimum salary level, and that the employee is paid on a "salary basis." *Id.* The exemption and requisite test outlined in *Coates* are inapplicable to this case. The facts of this case do not raise the issue of whether Plaintiff was employed in a bona fide executive, administrative or professional capacity under §213. The issue here is whether, under §207(i), more than half Plaintiff's "compensation for a

representative period (not less than one month) represents commissions on goods or services." 29 U.S.C. §207(i).  *Coates* is inapposite because it did not involve the issue presented here.

The bifurcated approach urged by Plaintiff also lacks support from the governing regulations. For example, 29 C.F.R. §779.415, which provides guidance for computing the employee's compensation for the representative period states in relevant part:

> (a) In determining for purposes of section 7(i) whether more than half of an employee's compensation "represents commissions on goods or services" ***it is necessary first to total all compensation paid to or on behalf of the employee as remuneration for his employment during the period. All such compensation in whatever form or by whatever method paid should be included***, whether calculated on a time, piece, incentive or other basis, and amounts representing any board, lodging or other facilities furnished should be included in addition to cash payments, to the extent required by section 3(m) of the Act and part 531 of this chapter. Payments excludable from the employee's "regular rate" under section 7(e) may be excluded from this computation if, but only if, they are payments of a kind not made as compensation for his employment during the period. (See part 778 of this chapter.)
>
> (b) In computing the employee's total compensation for the representative period it will in many instances become clear whether more than half of it represents commissions . . . . On the other hand, it is equally clear that an employee paid entirely by commissions on the goods or services which the retail or service establishment sells will, in any representative period which may be chosen, satisfy the requirement that more than half of his compensation represents commissions. The same will be true of an employee receiving both salary and commission payments whose commissions always exceed the salary. If, on the other hand, the commissions paid to an employee receiving a salary are always a minor part of his total compensation it is clear that he will not qualify for the exemption provided by section 7(i).

29 C.F.R. §779.415 (emphasis added).

29 C.F.R. §779.417, which provides guidance for determining the "representative period" for testing an employee's compensation under the retail services exemption, acknowledges that the FLSA does not define a representative period but states it "plainly contemplates a period which can reasonably accepted by the employer, the employee, and disinterested persons as being truly representative of the compensation aspects of the employee's employment on which this

exemption test depends." §779.417(a). Section 779.417(a) also suggests the exemption requires a wholistic approach and describes the representative period "generally as a period which typifies the total characteristics of an employee's earning pattern in his current employment situation, with respect to the fluctuations of the proportion of his commission earnings to his total compensation."

Section 779.417(b) requires the representative period be "recent" stating it "must be as recent a period, of sufficient length . . . to fully and fairly reflect all such factors, as can practicably be used." Section 779.417(c) contemplates a representative period that is of a sufficient duration to "stabilize the measure of the balance between the portions of the employee's compensation which respectively represents commission and other earnings, against purely seasonal or purely temporary changes."

Under §779.417(d), for each employee whose exemption is to be tested "an appropriate representative period . . . must be chosen and must be designated and substantiated in the employer's records." Under 29 C.F.R. §516.16, for each employee of a retail or service establishment exempt from overtime pay requirements, an employer must maintain, among other things, a copy of the agreement or understanding under which commission payments are made and "records reflecting total compensation paid (showing separately the amount of commissions and the amount of noncommission straight-time earnings)."

In this case, there is no dispute Plaintiff worked for Defendant for nearly a year, from January 3, 2022 to December 16, 2022. The Employment Agreement reflected plaintiff was to be paid a salary on a temporary basis—eight weeks—and thereafter Plaintiff would be paid a commission. (Doc. 22-1, Deft. Exh. B). Payroll records submitted show over the course of 13 weeks Plaintiff was paid a weekly salary that, calculated out over a year, would total $55,000.

(Doc. 22-3, Deft. Exh. C). Plaintiff received a commission for the pay period beginning February 12 through 18, 2022, but continued to also receive a salary until the pay period beginning March 28 through April 1, 2022. *Id.* After April 1, 2022, Plaintiff's paycheck stubs reflect Plaintiff was paid only commission. *Id.* The representative period of the eleven (11) months Plaintiff worked appears to be entirely consistent with the governing regulations. The regulations require a tally of all compensation Plaintiff received in this period. Based on undisputed material facts of record, more than half of Plaintiff compensation during the representative period was commission.

In sum, Defendant has sufficiently demonstrated the criteria to satisfy the retail or service exemption under §207(i) and is entitled to judgment as a matter of law.

### B. PLAINTIFF'S STATE LAW CLAIMS (COUNTS I & II)

Considering Plaintiff's sole federal law claim will be dismissed for the above-stated reasons, the Court must now determine whether it will exercise supplemental jurisdiction over the remaining state claims. A district court may decline to exercise supplemental jurisdiction over state claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011) (quoting *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009)). However, the Eighth Circuit has held that "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Barstad v. Murray Cty.*, 420 F.3d 880, 888 (8th Cir. 2005) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). This reflects the policy that the federal

courts should "exercise judicial restraint and avoid state law issues whenever possible" and should "provide great deference and comity to state court forums to decide issues involving state law questions." *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990). *See also Gregoire v. Class*, 236 F.3d 413, 419-20 (8th Cir. 2000) ("When state and federal claims are joined and all federal claims are dismissed on a motion for summary judgment, the state claims are ordinarily dismissed without prejudice to avoid needless decisions of state law...as a matter of comity.") (quotation marks omitted).

After consideration of the relevant factors, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims, which solely involve questions of state law that would be better determined by the Missouri state courts. Accordingly, Plaintiff's remaining state law claims (Counts I & II) will be remanded to state court. *See Lindsey v. Dillard's, Inc.*, 306 F.3d 596 (8th Cir. 2002) (finding remand proper in removed case based on district court's discretionary decision not to exercise supplemental jurisdiction).

### IV. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment on Count III of Plaintiff's Petition – FLSA (Doc. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's FLSA claim (Count III) is **DISMISSED**, with prejudice.

**IT IS FINALLY ORDERED** that Plaintiff's claims under state law (Counts I & II) will be **REMANDED** to the Circuit Court of Franklin County, Missouri.

                                          SHIRLEY PADMORE MENSAH
                                          UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of March, 2024.